CHARLES C. DEUBEL, JR., AND JEROME FROEHLICH, EXECUTORS, ETC., APPELLANTS, v. JOHN A. KERVICK, TREASURER, STATE OF NEW JERSEY, ACTING AS DIRECTOR OF DIVISION OF TAXATION, ETC., RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 8, 1960—Decided February 29, 1960.

Before Judges GOLDMANN, CONFORD and FREUND.

Mr. *Leonard Estrin* argued the cause for appellants

(*Messrs. Deubel and Estrin,* attorneys).

Mr. *Joseph A. Jansen,* Deputy Attorney General, argued the cause for respondent (*Mr. David D. Furman,* Attorney General, attorney).

The opinion of the court was delivered by

FREUND, J. A. D. ▮ Maurice Froehlich, domiciled in Essex County, died testate on March 10, 1956, naming as executors the appellants Charles C. Deubel, Jr. and Jerome Froehlich. By the eighth article of the will the decedent established a residuary trust estate and directed Mr. Deubel, as trustee, to invest its present value, $228,754.43, in first mortgages on real estate and, for a period of 99 years, to pay the income and interest on such investments into a special trust account entitled "Maurice Froehlich Scholarship Fund." This Fund was directed to be used:

"for the education of poor worthy Roman Catholic young men studying or desiring to study for the Roman Catholic Priesthood of the Order of Saint Benedict and providing proper maintenance and support for them during their courses of study. The class of persons designated meaning poor, worthy Roman Catholic Young Men who are financially unable to pay for such education, maintenance and support themselves and desire to study and prepare themselves for the Roman Catholic Priesthood of the Order of Saint Benedict may

be selected by the Abbot of Saint Mary's Abbey of said Order of Saint Benedict of New Jersey or any Committee of Ordained Priests of the Order of Saint Benedict of New Jersey which the said Abbot may appoint."

At the end of 99 years, the trust will terminate and the *corpus* will pass, without any limitation on its use, to the Order of Saint Benedict or, in the event of a certain contingency of no importance here, to the Society of the Divine Saviour, St. Nazianz, Wisconsin.

The present value of the income to be produced by the residuary estate over the 99-year period is $226,927.80. After the allowance of an exemption of $5,000 and the application of a 5% tax rate on the balance of $221,927.80, as provided by *R. S.* 54:34–2, *subd. b* governing rates of taxation on transfers to "religious, benevolent and charitable institutions," a tax was assessed in the amount of $11,096.39.

The appealing executors contend that the estate should not have been required to pay the last-mentioned sum because the trust beneficiary is not a "religious institution" under *R. S.* 54:34-2, *subd. b,* but an "educational institution" within the meaning of *R. S.* 54:34-4, *subd. d* as amended, establishing a total exemption from taxation for

"That part of the estate of any decedent which passes to or for the use of any educational institution * * * no part of the net earnings of which inures to the benefit of any private stockholder or other individual or corporation * * *."

The New Jersey branch of the world-wide Order of Saint Benedict was created by a Special Act of the Legislature, *Pamphlet Laws* 1868, *c.* 102, *p.* 229, wherein the Order was cited as being "a society of religious men living in community and devoted to charitable works and the education of youth." It was enacted "that the essential objects of said corporation shall be the education of youth and the establishment of churches and conducting of service therein."

In pursuance of its educational objective, the Order conducts two schools: Saint Benedict's Preparatory School,

520 High Street, Newark, and Delbarton School, Morris Township. The schools have a present enrollment of about 1,000 young men, not all of the Catholic faith. Each school has a headmaster, two deans, and numerous instructors. The instructors are ordained priests of the Roman Catholic Church and members of the Order; all are college graduates. Both schools are conducted in accordance with the requirements of the State Board of Education. The curriculum includes the subjects taught in public and non-sectarian schools and colleges.

Under the terms of the decedent's will, however, the schools, as such, are not the named beneficiaries; neither is mentioned in the will. The trust income is instead payable to the Order of Saint Benedict to support young men who are actually studying for the priesthood or who have, in their early education, evinced a desire so to prepare themselves. Accordingly, the problem is not whether the schools qualify as educational institutions but whether the Order of Saint Benedict does.

Moreover, the statutes here involved operate upon institutions; they make no reference to the purpose for which the fund bequeathed is to be devoted. It is the character of the transferee institution and not the use to which the funds are put, educational or otherwise, that determines the impact of *R. S.* 54:34–4, *subd. d.* *Board of National Missions of Presbyterian Church in the United States v. Neeld*, 9 *N. J.* 349, 353 (1952). The sole question to be decided, therefore, is whether the Order of Saint Benedict is a religious institution or an educational one, "according to the most natural and obvious import" of the statutory language. *Ibid.*

In order that a transferee may successfully claim a complete exemption as an educational institution under *R. S.* 54:34–4, *subd. d,* it must be proved, "free from a fair doubt," that the primary and dominant object of the organization is educational. *County Bank and Trust Co. v. Neeld*, 32 *N. J. Super.* 124, 127 (*App. Div.* 1954). In the

present case, we are well satisfied that this has not been shown. While it is the policy of the order to assure all interested and qualified applicants of an opportunity to be trained to become a member, it is not a dominant purpose of the Order to educate persons who have no desire to become members. (Although we look to the nature of the institution rather than to the decedent's will, it is to be noted that the money from the bequest may not be used to support the non-Catholic boys who are admitted to study at the two schools; it is in fact being used to support about ten men presently studying for the priesthood at the Order's seminary in Morristown.) The religious character of the Order is further indicated by Chapter XXXIII of the Declarations and Constitutions, forbidding a monk from having "anything which the Abbot did not give or permit him to have." All members must, upon entering into the Order, take other vows beside that of poverty.

In *Board of National Missions of Presbyterian Church in the United States v. Neeld, supra,* our Supreme Court said:

"We are convinced the legislative purpose in enacting the statute here involved was to exempt an institution whose primary aim and object was educational and not one whose educative function is in furtherance of another predominant purpose. An incidental qualification is not sufficient upon which to ground a claim for exemption.

＊　　＊　　＊　　＊　　＊　　＊　　＊　　＊

Certainly the ordinary church of itself would not be considered as within the classification of an 'educational institution,' yet these mission boards far more resemble the ordinary church than they do the ordinary school or college. In the ordinary school or college while religious subjects are taught and religion encouraged it is done in addition to their secular instructions. An Episcopalian or Catholic diocese is a religious organization and not an educational one, even though under their jurisdiction they may operate denominational or parochial schools or colleges. These appealing boards are religious organizations even though under their jurisdiction they operate schools or colleges in the ordinary sense." 9 *N. J.,* at *pages* 354, 355.

That the educative function of the Order of Saint Benedict of New Jersey is "in furtherance of another predominant purpose" is clearly demonstrated by the testimony of

Rt. Rev. Patrick O'Brien, Abbot of the Order. Asked to describe the services rendered by the members and the objects of the Order and of its training, he said:

"* * * we apply ourselves to the needs of the Church, whatever that might be; whether it might be missionary, teaching, or preaching, or taking care of parishes, or chaplaincies; whatever we feel the needs of the Church require, and it's up to the Abbot to make the appointment."

We conclude that under *R. S.* 54:34–4, *subd. d* as construed in *Board of National Missions of Presbyterian Church in the United States v. Neeld, supra,* the Order of Saint Benedict is not within the category of educational institutions qualifying bequests thereto for exemption from taxation.

The assessment made by the Division of Taxation, Department of the Treasury, is accordingly affirmed.